**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. RIVOTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendants. | Case No. _____ |

**DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:**

PLEASE TAKE NOTICE that Defendants Bank of America Corporation ("BAC") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action currently pending in the Circuit Court of Cook County, Illinois (the "State Court") to the United States District Court for the Northern District of Illinois on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, the Class Action Fairness Act of 2005 ("CAFA"), and all other applicable bases for removal. In support of their Notice of Removal, Defendants state as follows:

**PLEADINGS AND PROCEEDINGS**

1. Plaintiff Michael Rivota ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendants in the State Court on March 20, 2019, styled as *Michael A. Rivota, individually and on behalf of all others similarly situated, v. Bank of America Corporation*

1

*and Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 2019CH03625 (the "State Court Action").

2. On May 21, 2019, Merrill Lynch was served with the following documents from the State Court Action, true and correct copies of which are attached hereto as follows:

    a. Exhibit A: Summons; and

    b. Exhibit B: Complaint.

3. On May 21, 2019, BAC was served with the following documents from the State Court Action, true and correct copies of which are attached hereto as follows:

    a. Exhibit C: Summons; and

    b. Exhibit D: Complaint.

4. Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders that have been served on Defendants in the State Court Action.

5. All Defendants have been served with process in the State Court Action, and join in and consent to this removal.

## TIMELINESS OF REMOVAL

6. This action has not previously been removed to federal court.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendants have filed this Notice of Removal within 30 days of May 21, 2019, the date on which Plaintiff served Merrill Lynch and BAC with the Complaint. Accordingly,

this action is being removed within 30 days of the first date upon which Merrill Lynch and BAC were served with any paper giving them knowledge that the action was indeed removable.

**REMOVAL JURISDICTION: CLASS ACTION FAIRNESS ACT ("CAFA")**

8. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under CAFA. Under CAFA, this Court has jurisdiction over class actions where any member of the class of plaintiffs is a citizen of a State different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

9. As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of Illinois which is the District Court embracing the place where the State Court Action was filed.

10. In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court. A copy of the removal notice to be filed with the Clerk of the Cook County Circuit Court is attached hereto as Exhibit E.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and this action is one which may be removed to this Court by Defendants, because: (1) the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members; (2) there is diversity of citizenship between Plaintiff and Defendants; and (3) the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs.

12. From approximately April 3, 2016 until approximately March 21, 2017, Plaintiff worked for Merrill Lynch at its call center in Rolling Meadows, Illinois, initially as an Investment

Specialist Trainee, and then as an Investment Specialist I. *See also* Complaint [Ex. B], ¶¶ 9, 13. Plaintiff alleges that Defendants failed to pay him and other hourly putative class members ("PCMs") for straight time and overtime compensation for all time worked in excess of 40 hours per week, in violation of the Illinois Minimum Wage Law ("IMWL"). *Id.* at ¶¶ 77–79. Plaintiff further alleges that Defendants failed to pay him and other hourly PCMs for all hours worked at the rates agreed to by the parties, on their regularly scheduled paydays including but not limited to their final compensation upon separation of employment, in violation of the Illinois Wage Payment and Collection Act ("IWPCA"). *Id.* at ¶¶ 87–90.

13. Plaintiff purports to bring this action pursuant to 735 ILCS § 5/2-801 and § 5/2-802 as a class action, and seeks certification on behalf of the following PCMs:

    a. All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between March 20, 2016 and the present who did not receive the full amount of overtime wages earned and owed to him (the "IMWL Class"); and

    b. All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between March 20, 2009 and the present whose hourly rate exceeded the applicable minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class")

*See* Complaint, ¶¶ 61–62. Plaintiff does not define the term "telephone dedicated employees."

**Citizenship of Parties**

14. **Plaintiff's Citizenship.** Plaintiff alleges, and Defendants are informed and believe and thereupon allege that, at the time Plaintiff filed the State Court Action and at the time that this Notice of Removal is filed, Plaintiff is a resident and citizen of the State of Illinois and has the intent to remain in Illinois. *See id.* at ¶ 9. Furthermore, throughout his employment with Merrill Lynch, Plaintiff's address of record was in Cook County in the State of Illinois. Throughout the potential relevant time period for Plaintiff's Complaint, Plaintiff worked and resided in Cook

4

County, Illinois. *See id.* at ¶¶ 9, 13. Consequently, Defendants are informed and believe and therefore allege that Plaintiff has the intent to remain in Illinois.

15. **Merrill Lynch's Citizenship.** As Plaintiff alleges, pursuant to 28 U.S.C. § 1332(c)(1), for the purpose of diversity jurisdiction, Merrill Lynch, a corporation, is a citizen of the State of New York (its principal place of business) and Delaware (its state of incorporation). *See* Complaint, ¶ 12; *see also Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 n.2 (11th Cir. 2005) (stating that, "[f]or purposes of determining diversity jurisdiction, Merrill Lynch is a citizen of Delaware, where it is incorporated, and New York, where it has its principal place of business"). Merrill Lynch is headquartered in and has its principal executive offices in New York, New York, where its officers direct, control and coordinate its activities. *See* Illinois Secretary of State Corporation/LLC Search website at https://www.ilsos.gov/corporatellc/CorporateLlcController: (Entity Name Searched: "Merrill Lynch, Pierce, Fenner & Smith Incorporated"). Given that Merrill Lynch's headquarters are in New York, New York, that its officers direct, control and coordinate its corporate activities from there, and it is incorporated in Delaware, its state of citizenship is New York and Delaware, and not Illinois, under the standard set forth in *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183-84 (2010). *See also Peebles,* 431 F.3d at 1325 n.2.

16. **BAC's Citizenship.** As Plaintiff alleges, BAC is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of North Carolina. *See* Complaint, ¶ 11. Thus, it is a resident of Delaware and North Carolina for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (providing that, for diversity purposes, "[a] corporation shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *see also Hertz*

*Corp.*, 130 S. Ct. at 1192 (recognizing that, for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

17. Therefore, the diversity of citizenship between Plaintiff (Illinois), BAC (Delaware, North Carolina), and Merrill Lynch (Delaware, New York) establishes sufficient basis for removal of this action under 28 U.S.C. § 1332.

### Aggregate Membership

18. According to Plaintiff, the members of the putative class that he purports to represent "are so numerous that joinder of all class members is impracticable." *See* Complaint, ¶ 63. Merrill Lynch employed approximately 247 individuals in Illinois between March 20, 2009 (the beginning of the putative class period alleged by Plaintiff) and May 9, 2019 in the two positions that Plaintiff held while employed with Merrill Lynch: Investment Specialist Trainee and Investment Specialist I.[1] Merrill Lynch employed approximately 97 additional individuals that arguably would be included in Plaintiff's ambiguous class definition. Thus, the aggregate membership of the proposed class is at least 100 as required under CAFA.

### Amount in Controversy

19. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). When evaluating whether a suit exceeds the $5,000,000 amount-in-controversy threshold, courts consider all damages available to a plaintiff, including compensatory damages, punitive damages,

---

[1] At the time of this Notice of Removal, the timekeeping and payroll data readily available for the calculations provided herein extended through May 9, 2019. As such, the amount-in-controversy estimates are understated.

and attorneys' fees. *De Falco v. Vibram USA, Inc.*, 2013 U.S. Dist. LEXIS 36679, at *13-14 (N.D. Ill. Mar. 18, 2013).

20. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Furthermore, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (directing that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

21. On removal, a defendant has "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). A notice of removal may satisfy this burden through plausible allegations, consistent with Fed. R. Civ. P. 8(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court. *Id.* at 554. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is ***legally impossible*** for the plaintiff

to recover that much." *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 764 (7th Cir. 2011) (emphasis added).

22. Plaintiff asserts two causes of action against Defendants based on his allegations that Defendants, as part of an alleged uniform policy and/or procedure:

    a. "did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week." Complaint, ¶ 78; and

    b. "did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties." *Id.* at ¶ 87 (relying on the IWPCA).

23. Thus, Plaintiff seeks damages for, *inter alia,* alleged failure to pay straight time and overtime for all hours worked in excess of 40 hours per week, failure to pay wages at the agreed-upon rates, statutory damages and penalties for failure to pay straight time and overtime wages, and attorneys' fees. *See generally* Complaint, pp.16-17 (Prayer for Relief).

24. While Defendants deny any liability as to Plaintiff's claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $5,000,000. Defendants' establishment of the amount in controversy, as set forth below, is for purposes of removal only as to the amounts that Plaintiff and his putative class could recover if he prevailed on his claims. Defendants do not concede that Plaintiff and/or his putative class can establish any claims or are entitled to any recovery. Defendants reserve all individual and class defenses.

25. For purposes of this Notice of Removal, Defendants aver as follows:

    a. From March 20, 2016 through May 9, 2019, there were 228 individuals who worked as Investment Specialist Trainees for Merrill Lynch in Illinois and

        they worked 4,249 workweeks in total. During this time period, the average hourly rate of pay for these 228 employees was $20.23.

    b.    From March 20, 2016 through May 9, 2019, there were 171 individuals who worked as Investment Specialist Is for Merrill Lynch in Illinois and they worked 8,174 workweeks in total. During this time period, the average hourly rate of pay for these 171 employees was $21.84.[2]

    c.    From March 20, 2016 through May 9, 2019, approximately 97 individuals worked in the additional job positions referred to in Paragraph 18, and they worked 3,942 workweeks in total. During this time period, the average hourly rate for these 97 employees was $22.38.

26.    **Unpaid Overtime.**  Plaintiff alleges for purposes of his IMWL claim that Defendants violated Illinois law by not paying Plaintiff and the PCMs one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week. *See* Complaint, ¶¶ 77–79. Specifically, Plaintiff alleges that Defendants failed to compensate Plaintiff and the PCMs for work activities performed prior to the beginning of their shifts, during meal and rest breaks, and after the end of their shifts. *See id.* at ¶¶ 31, 44, 46. Plaintiff further alleges that Defendants scheduled Plaintiff and the PCMs to work 9.5 or 10.5 hour shifts and a 30-minute unpaid meal break each day. *See id.* at ¶ 20. The IMWL, allows Plaintiff and the PCMs, if successful, to recover their unpaid overtime play, trebled, statutory penalties equal to 5% of the amount owed for each month following the due date, and reasonable attorneys' fees. *See* 820 ILCS 105/12 (as amended February 19, 2019).

---

[2] The combined numbers in Paragraphs 25(a) and (b) exceed the class count in Paragraph 18 because, like Plaintiff Rivota, some PCMs worked in both positions during the class period.

27. When read in the light most favorable to Plaintiff, Plaintiff alleged that he and the PCMs performed work during their 30-minute unpaid meal break rendering the entire 30-minute meal period to be compensable time. Plaintiff also alleges that the pre-shift work activities for which he and the PCMs allegedly were not compensated exceeded five minutes per day, and the post-shift work activities for which he and the PCMs allegedly were not compensated exceeded five minutes per day. *See* Complaint, ¶¶ 5, 32. Therefore, based on Plaintiff's allegations, a conservative estimate of the amount of alleged unpaid overtime is approximately 40 minutes per day, or 3.33 hours per week, for each PCM.

28. Based on Plaintiff's allegations set forth in Paragraphs 26–27, *supra*, and Defendants' averments in Paragraph 25, *supra*, the total amount in controversy with respect to Plaintiff and the PCMs' claims for unpaid overtime under the IMWL is reasonably estimated to be **$5,268,993** (exclusive of statutory penalties and attorneys' fees), calculated as follows:

    a. Unpaid overtime (Investment Specialist Trainee): $20.23 regular rate x 1.5 overtime premium rate x 3.33 hours of overtime per week x 4,249 active workweeks = $429,356.56.

    b. Unpaid overtime (Investment Specialist I): $21.84 regular rate x 1.5 overtime premium rate x 3.33 hours of overtime per week x 8,128 active workweeks = $886,690.02.

    c. Unpaid overtime (additional eight positions): $22.38 regular rate x 1.5 overtime premium rate x 3.33 hours of overtime per week x 3,942 active workweeks = $440,668.69.

    d. Treble damages: ($429,356.56 + $886,690.02 + 440,668.69) × 3 = **$5,270,145.81.**

29. **Statutory Penalties.** In the event Plaintiff and the PCMs prevail on their claims for unpaid overtime, the IMWL also allows them to recover statutory penalties up to 5% of the unpaid overtime owed multiplied by the number of months following the date on which the unpaid overtime should have been paid. 820 ILCS 105/12(a) (amended February 19, 2019). The calculation of unpaid overtime set forth in Paragraph 28, *supra*, covers the time period from March 20, 2016 (the beginning of the 3-year statutory period) through May 9, 2019 (last date for which timekeeping and payroll records were readily available for calculations provided herein). Pursuant to 820 ILCS 105/12(a), unpaid overtime that was due to be paid on March 20, 2016 would be subject to a 39-month statutory penalty equal to 195% (39 months × 5%) of the amount owed. Unpaid overtime that was due to be paid on May 9, 2019 would be subject to a one-month statutory penalty equal to 5% (1 month × 5%) of the amount owed.

30. Accordingly, based on the assumption that the alleged unpaid overtime was evenly distributed across the class period, the total amount in controversy with respect to Plaintiff and the PCMs' claims for statutory penalties under the IMWL is reasonably estimated to be **$1,756,715.27**, calculated as follows:

    a. Average statutory penalty for the time period from March 20, 2016 through May 9, 2019: (195% + 5%) ÷ 2 = 100% (of the total amount owed)

    b. Total statutory penalty: ($429,356.56 + $886,690.02 + $440,668.69) × 100% = **$1,756,715.27.**

31. Accordingly, without including the attorneys' fees incurred by Plaintiff to date or any damages Plaintiff and the IWPCA Class may recover for their claims under the IWPCA, the total amount in controversy for Plaintiff's claims asserted in this action exceeds the $5,000,000 jurisdictional minimum.

| Remedies Sought | Amount in Controversy |
|---|---:|
| **IMWL Overtime Claim (treble damages)** | $5,270,145.81 |
| **IMWL Statutory Penalties** | $1,756,715.27 |
| **TOTAL AMOUNT IN CONTROVERSY** | $7,026,861.08 |

32. In sum, because diversity of citizenship exists between Plaintiff and Defendants, and because the amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold, Defendants may remove this action pursuant to 28 U.S.C. §§ 1332(d) and 1441(b).

## VENUE

33. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

## PRESERVATION OF DENIALS AND DEFENSES

34. Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Defendants expressly reserve their right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

WHEREFORE, Defendants Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated hereby remove to this Court the above-captioned action now pending in the Circuit Court of Cook County, Illinois.

Respectfully submitted, this 20th day of June 2019.

> By:    */s/ Chen G. Ni*
> Chen G. Ni
> Katharine P. Lennox
> M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
> 77 West Wacker Drive, Suite 4100
> Chicago, Illinois 60601-1818
> Telephone: (312) 849-8100
> Facsimile: (312) 849-3690
> Email: cni@mcguirewoods.com
> Email: klennox@mcguirewoods.com
>
> *Attorneys for Defendants Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated*

## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that on June 20, 2019, I electronically filed the foregoing **Defendants' Notice of Removal of Civil Action from State Court** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of this filing was served via electronic mail and U.S. Mail, postage prepaid, upon the following counsel:

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
312-201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive, Suite 650
Chicago, Illinois 60601
312-726-3400
tom@tomryanlaw.com

Kasif Khowaja
Frank Castiglione
The Khowaja Law Firm, LLC
70 East Lake Street, Suite 1220
Chicago, Illinois 60601
312-356-3200
kasif@khowajalaw.com
fcastiglione@khowajalaw.com

*Attorneys for Plaintiff*

        */s/ Chen G. Ni*
        Chen G. Ni